UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| HEATHER RENEE MULLINS and CLIFFORD RYAN MULLINS, ) ) ) Plaintiffs, ) ) v. ) ) C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., ) ) ) Defendants. | Civil Case No. 0:19-cv-85-JMH-EBA **MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter is before the Court upon the joint stipulation of dismissal between the Plaintiff Clifford Mullins and Defendants C.R. Bard, Inc. and Peripheral Vascular, Inc. [DE 27]. These parties stipulate that all matters between them, namely, Plaintiff Clifford Mullins and his claim of loss of consortium, should be dismissed from the present action. [*Id.*]. The claims against Defendants by Plaintiff Heather Mullins would remain. For the reasons set forth below, the Parties' Joint Stipulation of Dismissal [DE 27] shall be **DENIED**.

### I.  PROCEDURAL HISTORY

On June 30, 2016, Plaintiffs Heather Mullins and Clifford Mullins filed their complaint, which was formerly part of the Bard IVC filters product liability multidistrict litigation ("MDL"). [DEs 1, 5]. The complaint, which uses a standard short form, listed Plaintiff Heather Mullins as a deceased party and Plaintiff

1

Clifford Mullins as a spousal plaintiff. [DE 1 at 1]. The short form complaint also includes a list of possible claims alleged in the MDL Master Complaint. [*Id.* at 2-3]. Plaintiffs marked the boxes of the claims they sought to allege. [*Id.*]. Of the 15 claims and request for punitive damages, Plaintiffs alleged a claim for loss of consortium. [*Id.* at 3]. Notably, the short form complaint did not mention which plaintiff was alleging which claim.

Subsequently, the present action was transferred to this Court from the District of Arizona on September 6, 2019. [DE 9]. Although general fact and expert discovery was completed as part of the MDL, case-specific discovery only recently began. [DEs 15, 20]. Now, citing Federal Rule of Civil Procedure 41, Plaintiff Clifford Mullins and Defendants stipulate that all issues between them should be dismissed from this matter, resulting in Plaintiff Heather Mullins as the sole plaintiff. [DE 27].

## II. DISCUSSION

In their joint stipulation to dismiss, Parties cite to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). In the Sixth Circuit, however, Rule 41(a) does not allow for the dismissal of only some, rather than all, parties in a single case. *See, e.g., United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). A plaintiff may only dismiss an "action" using Rule 41(a), and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785

2

(6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g., Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693-94 (D. Utah 2015) (discussing the circuit split and citing cases). Here, the parties seek to drop Plaintiff Clifford and his claims, not the entire action. As a consequence, Rule 41 does not apply.

Although Rule 41 does not allow for it, however, Rule 21 may be used for the dismissal of a single party. *See Taylor*, 286 F.2d at 785 ("we think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (overruled on other grounds); *United States v. Roberts*, No. 5:19-cv-234-JMH, 2019 WL 6499128, at *2 (E.D. Ky. Dec. 3, 2019); *Wilkerson v. Brakebill*, No. 3:15-cv-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017)("Rule 21 is the more appropriate rule."); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012)("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41").

Rule 21 provides that, "on motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In exercising its discretion under Rule 21, the Court must

3

consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2. The inquiry overlaps with Rule 41 standards "as guidance in evaluating potential prejudice to the non-movant." *Id.* When determining whether the nonmoving party would suffer "plain legal prejudice," courts consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In filing the subject motion, the Parties have failed to move under the appropriate Rule. [DE 27]. Nevertheless, even if the joint stipulation had been filed pursuant to Rule 21 instead, there are still significant concerns. To be sure, since the parties have filed their request jointly, there is essentially no nonmoving party. Nor is there any pending motion for summary judgment. These facts on their own, however, do not allow for the Court to ignore a review of other factors.

First, depending on how involved the parties were with expert discovery during the MDL, their efforts and expenses may be substantial. Case-specific fact discovery has only recently started, however. So, to the extent that the parties have only now started preparing for trial, these efforts are likely minimal. In

4

any case, it is unclear how significant the parties' efforts have been to this point.

Potentially more fatal, however, the joint stipulation fails to provide an adequate explanation as to why Plaintiff Clifford Mullins ought to be dropped from this matter. [*Id.*]. There is no indication that a settlement agreement has been reached, or whether Plaintiff Clifford Mullins intends to pursue his cause of action in a separate suit. [*Id.*]. Nor do the parties specify whether they wish for the Court to dismiss Plaintiff Clifford Mullins' claims with prejudice or without. [*Id.*]. Because of this, it is impossible to completely evaluate whether any party would suffer as a result of this joint stipulation.

Though the parties mention the loss of consortium claim, it is also unclear whether Plaintiff Clifford Mullins has alleged any other claims. [*Id.*]. As noted, the short form complaint alleges 15 different counts and a request for punitive damages; but, it does not specify which claims are alleged by which plaintiff. [DE 1 at 3]. As a consequence, the Court cannot determine which claims the parties intend to continue litigating and which would be dismissed from this case along with Plaintiff Clifford Mullins.

Moreover, that the remaining plaintiff, Renee Mullins, is deceased, adds to the potential for prejudice. The Court has concerns about who is representing the interests of Plaintiff Renee Mullins. Assuming Plaintiff Clifford Mullins is a party both in

5

his individual capacity and as representative of the interests of Plaintiff Renee Mullins—though, this is unclear as well—should he be dropped, who would move forward with any of her claims? Ultimately, these factors weigh significantly against the parties' joint stipulation/motion to drop Plaintiff Clifford Mullins.

Based on the foregoing, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the parties' joint stipulation [DE 27] be, and hereby is, **DENIED.**

This the 27th day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge